AO 243
(Rev. 5/85)

MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District U.S. District Court of Massachusetts | |
|---|---|---|
| Name of Movant Dominic C. Spada, Jr. | Prisoner No. 80271-038 | Docket No. 1:00 CR10224-004RCL |
| Place of Confinement | | |

(include name upon which convicted)

UNITED STATES OF AMERICA         v.        Dominic C. Spada, Jr.
(full name of movant)

MAGISTRATE JUDGE _____

MOTION

1. Name and location of court which entered the judgment of conviction under attack: United States District Court of Massachusetts, 1 Courthouse Way, Boston, Mass. 02210

2. Date of judgment of conviction  9/22/03

3. Length of sentence  51 Months

4. Nature of offense involved (all counts)  1) Conspiracy to possess with intent to distribute cocaine in 18 U.S.C. 371.

    2) Use of a communication facility to facilitate possession with intent to distribute cocaine in 21 U.S.C. 843(b).

5. What was your plea? (Check one)
    (a) Not guilty  ☐
    (b) Guilty  ☒
    (c) Nolo contendere  ☐

04-12042 RCL

If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

_____

_____

_____

6. Kind of trial: (Check one)
    (a) Jury  ☐
    (b) Judge only  ☐     N/A

7. Did you testify at the trial?
    Yes ☐  No ☐     N/A

8. Did you appeal from the judgment of conviction?
    Yes ☐  No ☒

(2)

AO 243
REV 6/82

9. If you did appeal, answer the following:

   (a) Name of court  **N/A**

   (b) Result

   (c) Date of result

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
    Yes [X]  No [ ]

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court __United States District Court of Massachusetts__

    (2) Nature of proceeding __Filed in Forma Pauporis Petition requesting transcripts of legal/court proceedings, and, affadavit of Dominic C Spada, Jr. in support of Motion to proceed on appeal/post conviction relief in Forma Pauperis.__

    (3) Grounds raised __Indigency of affiant, Dominic C. Spada, Jr. to be declared indigent and to be allowed to proceed in Forma Pauperis and that pursuant Blakely v. Washington, 542 U.S.___,124 S.Ct. 2531 (2004) that the U.S. Sentencing Guidelines are unconstitutional; that he was improperly and unlawfully enhanced to a base level 17 from a base level 14 and a criminal history II to a level VI; that he has meritorious cause of action, including but not limited to a 28 U.S.C. §2255 to correct/modify his sentence.__

    (4) Did you receive an evidentuary hearing on your petition, application or motion?
        Yes [ ]  No [X]

    (5) Result __Result pending, Above motions mailed 8/29/04.__

    (6) Date of result __Result of Petition/Motion currently pending.__

    (b) As to any second petition, application or motion give the same information:

    (1) Name of court __N/A__

    (2) Nature of proceeding __N/A__

    (3) Grounds raised __N/A__

(3)

AO 243
REV 6/82

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☐ No ☐   N/A

    (5) Result __N/A__

    (6) Date of result __N/A__

(c) As to any third petition, application or motion, give the same information:

    (1) Name of court __N/A__

    (2) Nature of proceeding __N/A__

    (3) Grounds raised __N/A__

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☐ No ☐   N/A
    (5) Result __N/A__
    (6) Date of Result __N/A__

(d) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
    (1) First petition, etc.    Yes ☐ No ☒
    (2) Second petition, etc.   Yes ☐ No ☒
    (3) Third petition, etc.    Yes ☐ No ☒
(e) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

    N/A

    __(consider) Am now filing this 28 U.S.C. 2255 petition pursuant to Blakely, supra, for reasons set forth in #11 (3) herein.__

12. State concisely every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.
CAUTION: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.
    For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.
    Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.
    (a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
    (b) Conviction obtained by use of coerced confession.

(3)

AO 243
REV 6/82

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: See attached type written pages #1 - 7 which are attached hereto, and incorporated by reference to this Petition.

Supporting FACTS (tell your story *briefly* without citing cases or law).

B. Ground two: See 5A herein and attachments.

Supporting FACTS (tell your story *briefly* without citing cases or law).

C. Ground three: See 5A herein and attachments.

Supporting FACTS (tell your story *briefly* without citing cases or law):

AO 243
REV 6/82

D. Ground four: _____

_____

Supporting FACTS (tell your story *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: _____

__N/A_____

_____

_____

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
    Yes ☒ No ☐  See number 11 herein.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

   (a) At preliminary hearing  Melvin Norris, Esq., 260 Boston Post Road, Suite 9
       Wayland, MA 01778

   (b) At arraignment and plea  Same as above.

   (c) At trial  N/A

   (d) At sentencing  Same as above.

AO 243
REV 6/82

(e) On appeal _____None_____

(f) In any post-conviction proceeding __None. Proceeding Pro Se at this time.__

(g) On appeal from any adverse ruling in a post-conviction proceeding __Same as above.__

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☒  No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐  No ☒

(a) If so, give name and location of court which imposed sentence to be served in the future.
___N/A___

(b) Give date and length of the above sentence:
___N/A___

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐  No ☐   N/A

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____None_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

__9/15/04__
(date)

_____[signature]_____
Signature of Movant

(7)

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA     :
                             :
                             :
         V.                  :   CASE NO.: 1:00 CR10224-004RCL
                             :
                             :
DOMINIC C. SPADA, JR.        :
         Petitioner/Defendant :

### ADDENDUM TO MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE

Petitioner/Defendant, Dominic C. Spada, Jr., pled guilty to Conspiracy to Possess with Intent to Distribute Cocaine (powder cocaine 25 gm to 50 gm) and Use of a Communication Facility to Facilitate Possession with Intent to Distribute Cocaine pursuant to a written Plea Agreement. The Honorable Reginald C. Lindsay, Judge of the United States District Court of Massachusetts sentenced Petitioner herein to a period of 51 months of incarceration and a term of supervision of 3 years on September 22, 2003.

Petitioner self-surrendered to the Federal Correctional Institute at Fort Dix, New Jersey on October 29, 2003, after already having served a period of incarceration, excluding good credit time, of 15 months at Worchester House of Corrections in Massachusetts. Petitioner has been a model inmate at all times of his incarceration and has now served a total period of incarceration in excess of 25 months, excluding good credit time.

Pursuant to a Change of Plea Hearing, Judge Lindsay, ordered that a Pre-Sentence Investigation (P.S.I.) report to be compiled and submitted to the Court prior to sentencing. Upon investigation of the facts herein, the Probation Department of this Honorable Court correctly stated in Petitioner's P.S.I. report, in paragraph #165 that based only on charges pled to by Petitioner, that:

> "Guideline provisions: based upon a total offense level of 14 and a criminal history category of VI, the guideline imprisonment range is 37-46 months."

The P.S.I. further states, in paragraph #166 as follows:

> "Sentencing guidelines: The United States Attorney and the defendant agree to take the position that the defendant qualifies for sentencing as a career offender pursuant to U.S.S.G. 4B1.1, and that, therefore, his offense level is 17..."

Based upon the above data, Petitioner was then incorrectly and unlawfully enhanced from a base offense level of 14 to a base offense level of 17, and a criminal history category from a level II to a level VI.

This Court is well aware of the fact that on June 24, 2004, the United States Supreme Court published a written opinion entitled: <u>Blakely v. Washington</u>, 542 U.S.____(2004) and held:

> "...because the facts supporting Petitioner's exceptional sentence were neither admitted by

- 2 -

Petitioner nor found by the jury, the sentence violated his Sixth Amendment right to trial by jury..." (pp 5-18).

Petitioner respectfully requests that this Honorable Court take judicial notice of the fact that Petitioner did **not** plead guilty to facts, in his plea agreement, which would enhance his base offense level from a level 14 to a level 17. Petitioner did **not** allocute to facts in his plea agreement to serve as a factual basis to support a lawful enhancement pursuant to the Supreme Courts holding in <u>Blakely</u>. Rather, page 2, paragraph 3(a) clearly states that "the parties take the position that defendant qualifies for sentencing as a career offender pursuant to U.S.S.G. 481.1, and that, therefore, his offense level is 17." Petitioner states that he did, allocute to facts to support his conviction of conspiracy to possess with intent to distribute cocaine and use of a communication facility to facilitate possession with intent to distribute cocaine and that said allocuted facts by Petitioner only warrant a total offense level of 14, and not 17, as the Probation Department correctly concluded. Simply stated, the principle and holding of <u>Blakely</u> demands that Petitioner plead to facts to support said enhancement, which is clearly **not** the case herein.

In <u>Blakely</u>, the Supreme Court further held: "...the court is required to apply the rule of <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490, that, "(o)ther than the fact of a prior conviction any fact

- 3 -

that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Clearly, Petitioner did <u>not</u> allocute to facts which support an independent and stated finding, pursuant to <u>Apprendi and Blakely</u>, Supra., that he is a career offender pursuant to U.S.S.G. §4B1.1. The Court is requested to take judicial notice of the fact that this "stipulation", which was <u>not</u> pled to as required by law, incorrectly gave Petitioner a level VI category instead of a level II which was appropriate.

This enhancement of criminal history category offense levels, at a offense level 14 only required Petitioner to serve 18 to 24 months. Even at a offense level of 17, which can not lawfully stand pursuant to <u>Blakely</u>, Petitioner, at a appropriate criminal history category of II, would be required to serve 27 to 33 months.

Petitioner further cites <u>Blakely</u> wherein the Court ruled that the "statutory maximum" (in this case, career offender, level VI) is not the maximum sentence as set forth in the statute defining the offense, but instead is the sentence established by the guideline range:

> .Our precedents make clear, however, that the "statutory maximum" for <u>Apprendi</u> purposes is the maximum sentence a judge may impose <u>solely on the basis of the facts reflected in the jury verdict or admitted by the defendant</u>... In other words, the relevant "statutory maximum" is not the maximum

- 4 -

sentence a judge may impose after finding additional facts, but the maximum he may impose <u>without</u> any additional findings. When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts "which the law makes essential to the punishment"... and the judge exceeds his proper authority."

Petitioner respectfully submits to this Honorable Court that the "statutory maximum" of career offender and a offense level 17 must both fail and be set aside pursuant to the Supreme Court's ruling in <u>Blakely</u>. Petitioner submits that the aforesaid enhancements should fail and be set aside for additional lawful factors as the <u>Blakely</u> court further stated that: "...any evaluation of <u>Apprendi</u>'s "fairness" to criminal defendants must compare it with the regime it replaced, in which a defendant, with no warning in either his indictment or plea, would routinely see his maximum potential sentence balloon, from as little as five years to as much as life imprisonment..."

Petitioner requests that this Honorable Court take judicial notice, and court-filed documents will accurately reflect that Petitioner was <u>not</u> indicted as a career criminal offender nor was he indicted upon facts that would warrant an enhancement from offense level 14 to offense level 17. Again, justice demands that both enhancements are unconstitutional, illegal and should be set aside instanter. Petitioner further asks this Honorable Court to

further take judicial notice of another Massachusetts, United States District Court case entitled United States v. Duncan FanFan, No. 03-47-P-H (D. Mass. June 28, 2004), issued only four days after the Blakely ruling. The United States District Court Judge in that narcotics case concluded that Blakely prohibited the application of any sentencing enhancements, including an increase in drug quantity or role enhancement, based upon facts not reflected in the jury's verdict..." Further, on July 9, 2004, the 7th Circuit Court of Appeals has held that the sentencing guidelines are unconstitutional in a case known as United States v. Booker, ___ F.3d ___ No. 03-4225. Obviously, this Court knows that both FanFan and Booker will be argued before the United States Supreme Court on October 4, 2004 and that these cases will further interpret Blakely and give all United States District Court Judges and Circuit Courts across the country further direction.

WHEREFORE, Petitioner Dominic C. Spada, Jr., respectfully requests and prays that this Honorable Court grant and approve his Petition herein, reduce, modify and correct his criminal offense level from 17 to 14, and his criminal history category from career offender level VI to level II, correct, modify, and re-sentence Petitioner herein accordingly, allow Petitioner 120 days from the date(s) that the United States Supreme Court issues its formal opinion on FanFan and Booker, if necessary, and for all further relief in the premises

that this Honorable Court deems just and appropriate.

Respectfully Submitted,

*[signature]*

Dominic C. Spada, Jr.
#80271-038

CERTIFICATE OF SERVICE

I, Dominic C. Spada, Jr., the Petitioner/Defendant herein, state and affirm that I mailed a true and complete copy of my Motion under 28 U.S.C. §2255 to vacate, set aside or correct sentence by a person in Federal custody, with 7 type-written pages attached to the following on this 15th day of September, 2004. My deposition same with the United States Post Office, with sufficient, 1st class postage affixed.

    1) Judge - Honorable Reginald C. Lindsay
             Federal Court Building
             1 Court-House Way
             South Boston, MA 02127

    2) U.S. Attorney - Patrick M. Hamilton
                 Federal Court Building
                 1 Court-House Way
                 Suite 9200
                 Boston, MA 02210

    3) Clerk of Court - Federal Court Building
                    1 Court-House Way
                    South Boston, MA 02127

                _/s/ Dominic C. Spada, Jr._
                Dominic C. Spada, Jr.
                    #80271-038
                P.O. Box 1000 - Camp
         Federal Correctional Institution
         Fort Dix, New Jersey 08640-0900